# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC | CIVIL ACTION NO: |
| PLAINTIFF | |
| v. | |
| SUE A. DUNNING | |
| DEFENDANT(S) | |

## COMPLAINT FOR FORECLOSURE

NOW COMES Plaintiff, Carrington Mortgage Services, LLC, by and through its attorneys, Korde & Associates, P.C., and complains against Defendant pursuant to 14 M.R.S. § 6321 et seq. saying further as follows:

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in Maine and the property is located in Maine.

### PARTIES

3. Plaintiff, Carrington Mortgage Services, LLC, is a Limited Liability Company

organized under the laws of Delaware with a principal place of business located at 1600 South Douglass Road, Suite 200-A, Anaheim, CA 92806.

4. Defendant, Sue A. Dunning, is an individual with a last known address of 47 Coolidge Avenue, Hampden, ME 04444.

## FACTS

5. Sue A. Dunning is the owner of certain real property located at 47 Coolidge Avenue, Hampden, ME, by virtue of a deed from Allen S. Nygren to Sue A. Dunning dated December 8, 2009, and recorded in the Penobscot County Registry of Deeds on December 11, 2009, in Book 12002, Page 236.

6. On December 8, 2009, Sue A. Dunning executed and delivered to Sidus Financial LLC a certain promissory note in the original principal amount of $146,938.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A.

7. Plaintiff is entitled to enforce the Note, as Sidus Financial LLC executed an endorsement payable to JPMorgan Chase Bank NA appearing on the original Note, which executed an endorsement payable to blank on the original Note, rendering the Note enforceable by the party in possession of the original Note.

8. Plaintiff certifies that the owner of the Note is Carrington Mortgage Services, LLC.

9. To secure the Note, Sue A. Dunning granted a mortgage in the amount of $146,938.00 to Mortgage Electronic Registration Systems, Inc., as nominee for Sidus Financial LLC, its successors and assigns dated December 8, 2009, and recorded on December 11, 2009, in the Penobscot County Registry of Deeds in Book 12002, Page 238 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit B.

10. The property secured by the Mortgage is known as 47 Coolidge Avenue, Hampden,

ME 04444, and is more particularly described in the Mortgage (the "Premises").

11. The Mortgage was assigned by Assignment from Mortgage Electronic Registration Systems, Inc., as nominee for Sidus Financial LLC, its successors and assigns, to JPMorgan Chase Bank, National Association, dated April 3, 2012, and recorded on May 7, 2012, in Book 12807, Page 189. A copy of the Assignment is attached in Exhibit C.

12. The Mortgage was assigned by Ratification of Assignment from Sidus Financial LLC to JPMorgan Chase Bank, National Association, dated March 13, 2015, and recorded on March 20, 2015, in Book 13785, Page 331. A copy of the Assignment is attached in Exhibit C.

13. The Mortgage was assigned by Assignment from JPMorgan Chase Bank, National Association to Carrington Mortgage Services, LLC, dated November 4, 2020, and recorded on November 4, 2020, in Book 15770, Page 281. A copy of the Assignment is attached in Exhibit C.

14. The Mortgage was assigned by Assignment from Mortgage Electronic Registration Systems, Inc., as nominee for Sidus Financial LLC, its successors and assigns, to Carrington Mortgage Services, LLC, dated March 2, 2021, and recorded on March 4, 2021, in Book 15921, Page 332. A copy of the Assignment is attached in Exhibit C.

15. Defendant, Sue A. Dunning, is presently in default on the Note and due for the monthly payment due July 1, 2022, and all payments due thereafter, thereby breaching a condition of the Mortgage.

16. By letter(s) dated January 31, 2023, notice was provided that the Note was in default and of the right to cure the default. A copy of the Notice of Default and proof of mailing is attached hereto as Exhibit D.

17. The notice was given on February 3, 2023 by first class mail, postage prepaid with a United States Postal Service Certificate of Mailing and by certified mail, return receipt requested,

and therefore have expired.

19. The default has not been cured and, in accordance with the Note and Mortgage, the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note and Mortgage have been declared to be presently due and payable.

19. The following amounts are due and payable to Plaintiff, exclusive of costs of collection, including attorney's fees, under the terms of the Note and the Mortgage:

| | |
|---|---:|
| Principal Balance | $112,500.51 |
| Accrued Interest | 5,190.20 |
| Late Charges | 1,368.17 |
| Property Inspection Fees | 120.00 |
| Attorney Fees | 79.84 |
| Attorney Costs | 30.00 |
| Escrow Advance | 1,752.17 |
| Suspense Balance (credit) | (74.56) |
| FCL Title Fees | 250.00 |
| Total | $121,216.33 |

Additional interest is accruing on said principal balance from said date at a rate of $16.9520 per day.

20. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

21. Pursuant to the terms of the Mortgage, Plaintiff is entitled to reasonable attorney's fees and all costs allowed by law in any lawsuit for foreclosure and sale.

22. Pursuant to 14 M.R.S. §6101, Plaintiff may charge reasonable attorney's fees if the Plaintiff prevails in its action for foreclosure and sale.

## COUNT I - FORECLOSURE

23. Plaintiff repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and title to real estate located at 47 Coolidge Avenue, Hampden, Penobscot County, Maine 04444. See Exhibit B.

25. Plaintiff is entitled to enforce the Note, as Sidus Financial LLC executed an endorsement payable to JPMorgan Chase Bank NA appearing on the original Note, which executed an endorsement payable to blank on the original Note, rendering the Note enforceable by the party in possession of the original Note. See Exhibit A.

26. Plaintiff, directly or through its agent, is in possession of the original Note, and copy of the Mortgage and copies any assignments.

27. Plaintiff, Carrington Mortgage Services, LLC, is the current owner of the Mortgage and the owner of the Note.

28. Plaintiff is the party entitled to enforce the Mortgage, and has the right to foreclose the Mortgage.

29. Defendant, Sue A. Dunning, is presently in default on the Note and due for the monthly payment due July 1, 2022, and all payments due thereafter, thereby breaching a condition of the Mortgage and the Note.

30. The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

31. The total amount due on the Note and Mortgage as of April 3, 2023 is $121,216.33.

32. Notice was sent in compliance with 14 M.R.S. § 6111 on February 3, 2023, as evidenced by a copy of the notice, proof of certified mail and the certificate of mailing attached hereto as Exhibit D.

33. Plaintiff certifies that all steps mandated by law to provide notice of the default and of the right to cure have been taken and strictly performed.

34. By virtue of a breach of condition of the Note and Mortgage, Plaintiff hereby demands the foreclosure of the Mortgage and the sale of the Premises.

35. The property secured by the Mortgage is known as 47 Coolidge Avenue, Hampden, ME 04444, and is more particularly described in the Mortgage (the "Premises").

36. Defendant, Sue A. Dunning, is not in the military as defined under the Servicemembers Civil Relief Act.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Determine that there has been a breach of condition of the Mortgage;

B. Determine the amount due on the Note and Mortgage, including principal, interest, reasonable attorney's fees, court costs, and other expenses;

C. Find Sue A. Dunning liable for any deficiency balance remaining due to Plaintiff after the sale of the Premises and application of the proceeds of sale;

D. Issue a Judgment of Foreclosure and Sale in conformity with 14 M.R.S. § 6322;

E. Order exclusive possession of the Premises to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption set forth in 14 M.R.S. § 6322, and direct the Clerk to issue a writ of possession at the request of the Plaintiff; and

F. Grant such other and further relief as the Court may determine proper.

Respectfully submitted,

Dated: 4/11/2023       By: */s/ Carrie Folsom*_____
Carrie Folsom, Esq. #9510
Attorney for Plaintiff
KORDE & ASSOCIATES, P.C.
707 Sable Oaks Dr., Suite 250
South Portland, ME 04106
(207) 775-6223
CFolsom@KordeAssociates.com
MEFedNotices@KordeAssociates.com